# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| TYRONE TAYLOR, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. 3:21-cv-00096 |
| | ) | |
| v. | ) | [Removed from the Circuit |
| | ) | Court for the 3rd Judicial Circuit, |
| CASEY'S GENERAL STORES, INC. and | ) | Madison County, Illinois, Civil |
| CASEY'S RETAIL COMPANY, | ) | Action No. 20-L-1775] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants CASEY'S GENERAL STORES, INC. and CASEY'S RETAIL COMPANY, pursuant to 28 U.S.C. §§1332(a), 1441, and 1446, and hereby remove this action to the United States District Court for the Southern District of Illinois.  In support of this Notice, Defendants state as follows:

1. On December 17, 2020 Plaintiff filed his Complaint against Defendants in the Circuit Court of Madison County, Illinois, seeking damages for personal injuries arising out of a slip-and-fall incident occurring outside a Casey's convenience store, located in Collinsville, Illinois. *See* Complaint, **Exhibit A**.

2. On December 30, 2020, Defendant Casey's General Stores, Inc. ("Casey's General"), was served with the Complaint in this action.  *See* **Exhibit B**.

3. On December 30, 2020, Defendant Casey's Retail Company ("Casey's Retail") was served with the Complaint in this action.  *See* **Exhibit C**.

## Subject Matter Jurisdiction

4. This Court possesses subject matter jurisdiction over this action because the matter presents a dispute between citizens of different states, and the amount in controversy is greater than $75,000.00.  *See,* 28 U.S.C. §1332(a).  In Illinois, state law prohibits a demand for a specific sum.  *See* 28 U.S.C. §1446(c)(2)(A)(ii).

5. Complete diversity of citizenship exists between the parties.

   (a) Plaintiff is a citizen of Illinois, residing in Madison County, Illinois. *See* Exhibit A, ¶1.

   (b) Defendant Casey's General is an Iowa corporation with its principal place of business in Ankeny, Iowa.  *See* Affidavit of Robert Truhlsen, attached as **Exhibit D.**

   (c) Defendant Casey's Retail is an Iowa company with its principal place of business in Ankeny, Iowa.  *See* Affidavit of Robert Truhlsen, attached as Exhibit D.

   (f) Because the Plaintiff is a citizen of a different state than the Defendants the parties meet the geographical requirements for diversity jurisdiction in this Court. *See,* 28 U.S.C. §1332(a).

6. Based on the nature of the alleged injury Plaintiff will seek an amount in excess of $75,000.00; thus this Court possesses subject matter jurisdiction over this action.  *See,* 28 U.S.C. §1332(a).  The Complaint indicates that the medical expenses incurred exceed $50,000.00, as to Counts I and II. *See* Complaint.  Notwithstanding this prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).  If the plaintiff, as "the master of the complaint," provides little information about the value of the claims alleged, a

good-faith estimate of the stakes is acceptable if it is plausible.  *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006).  In fact, "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011).

7. A good faith assessment of the Complaint here reveals that the amount in controversy exceeds $75,000.00.  Plaintiff has alleged bodily injuries resulting from a slip-and-fall incident, including injuries to his "right ankle, knee and shoulder." Ex. A, ¶7.  Plaintiff alleges that he incurred "medical and surgical expenses in the past and reasonably certain to incur additional medical expenses in the future."  Ex. A, ¶8.  Under such allegations, Plaintiff will undoubtedly seek damages in excess of $75,000.00 and the amount in controversy is satisfied for removal.  *See, e.g., Vance v. Hill,* 2019 U.S. Dist. LEXIS 36548, at *4-5 (C.D. Ill. 2019) (jurisdictional amount was satisfied where the plaintiff alleged severe and permanent injuries and associated medical costs arising from a traffic accident); *Beckum v. Dierbergs Edwardsville LLC*, 2015 U.S. Dist. LEXIS 67775, at *1 (S.D. Ill. 2015) (jurisdictional amount satisfied where plaintiff alleged bodily injuries, pain and medical expenses).

8. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the plaintiff is the citizen of a state different from that of each of the Defendants.

**Timeliness of Removal**

9. Defendants file this Notice within thirty (30) days of service of the Complaint. *See* Exhibits A, B and C.  Accordingly, this Notice of Removal is timely brought before this Court. *See,* 28 U.S.C. §1446(b).

22-239

## **Venue and Other Matters**

10. Because this action was originally filed in the Circuit Court of Madison County, Illinois, the action is properly removable to the United States District Court for the Southern District of Illinois.  *See,* 28 U.S.C. §1441(a); 28 U.S.C. §92(a)(1).

11. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Madison County, instructing that no further proceedings shall be had until such time as this matter is remanded from this Court.

12. A true and correct copy of the pleading which demonstrates that this matter is removable is attached hereto as Exhibit A.  *See,* 28 U.S.C. §1446(b).

WHEREFORE, Defendants request that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Circuit Court of Madison County regarding the action be stayed.  Defendants further demand that the trial of this matter in federal court be heard by a jury.

                                               CASEY'S GENERAL STORES, INC. and
                                               CASEY'S RETAIL COMPANY, Defendants

                                               /s/ ***Barry S. Noeltner***
BY:_____
                                          HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                                               Barry S. Noeltner, #6190817

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bnoeltner@heylroyster.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this **26th** day of **January, 2021**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Lanny Darr, Esq.
Darr Law Office, Ltd.
307 Henry St., Suite 406
Alton, IL  62002
darr@darrfirm.com
**Attorneys for Plaintiff**

                                                                  */s/ Barry Noeltner*
                                          _____